*Doe ex dem* ELISHA KINCAID *v.* E. A. AND R. C. PERKINS.

The land of a *feme covert* having been conveyed without her privy examination, *held*, that there was no adverse possession as against her issue, until after the death of the husband.

(*Davenport* v. *Wynne*, 6 Ire. 128, cited approved.)

EJECTMENT, tried before *Little, J.*, at Spring Term 1868, of the Superior Court of BURKE.

The facts agreed were that in 1818 one Polly Kincaid (wife of John Kincaid) was tenant in common with one Alfred Perkins of the land in controvesy. In the same year she joined her husband in a deed for the land to the said Alfred in fee, at the price of $1,000, but there was no privy examination of her. She died in 1820, and her husband in 1867. The plaintiff's lessor is their only child and heir, and the defendants are the sole heirs of Alfred Perkins, who died in 1836. There was a demand of possession, and a refusal, before bringing the suit.

His Honor below having given a *pro forma* judgment for the plaintiff, the defendants appealed.

*T. R. Caldwell,* for the appellants.

*Phillips & Merrimon, contra.*

RODMAN, J. The deed from John Kincaid, and Polly, his wife, although inoperative as to her, from want of private examination, yet passed the estate of the husband. He was entitled to an estate as tenant by the curtesy, and the possession of the defendant did not become adverse until his death in 1867, from which time only, the statute of limitation, began to run. *Davenport* v. *Wynne,* 6 Ire. 128.

There is no error in the judgment, and it must be affirmed.

PER CURIAM. Judgment affirmed.